# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **HEALTHNESS LLC,**  Plaintiff,  v.  **ADIDAS AMERICA INC.,**  Defendant. | CASE NO. 6:22-cv-00862  PATENT CASE  JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Healthness LLC ("Plaintiff"), through its attorneys, complains of Adidas America Inc. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Healthness LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant Adidas America Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 4401 N Interstate Hwy 35, Suite 699, Round Rock, TX 78664.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

### PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,445,298; and 6,696,957 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### THE '298 PATENT

9. The '298 Patent is entitled "System and method for remotely monitoring movement of individuals," and issued 2002-09-03. The application leading to the '298 Patent was filed on 2000-12-21. A true and correct copy of the '298 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

10. One of the claimed inventions in the '298 Patent pertains to a system and method for remotely ascertaining the activity level of an individual non-intrusively in different environments. See Ex. 1 at Col. 1:13-14.

11. As identified in the '298 Patent, prior art systems had technological faults or limits that included physical connection via telephone line. See Ex. 1 at Col. 1:17-64.

12. Prior art systems were familiar with monitoring centers that assisted in tracking individuals remotely using hard-wired emergency systems that allowed for remote monitoring so long as a user was connected directly via phone line to a monitoring center. *Id.*

13. However, prior-art failed to provide a user the ability to non-intrusively monitor a given individual's activity levels, without physical connection to a telephone line and the need for a "monitoring center". Moreover, prior-art failed to provide for remote monitoring in different environments with the ability to control other parties' ability to check on an individual's health and activity levels. *Id.*

14. In sum, there was a computer-centric or network-centric problem (or opportunity) related to remotely monitoring and accessing information related to the movement of an individual in different environments.

15. Claim 1 of the '298 Patent is a practical application and inventive step of technology that addresses these aforementioned specific computer-centric problems associated with remotely monitoring and accessing information related to the movement of an individual in different environments.

16. Claim 1 of the '298 Patent states:

> "1. A method for remotely ascertaining the activity level of an individual, the method comprising:
> detecting movement of the individual at a first location with at least one monitoring device;
> tabulating a total number of detected movements within a predetermined time period;
> transferring the total number of detected movements from the fist location to a Second location remote from the first location; and
> displaying the total number of detected movements at a third location remote from the first and Second locations,
> wherein the activity level of the individual can be ascertained at the third location from the total number of

3

detected movements. Ex. 1 at Col.9:17 – Col. 10:3.

17. Specifically, Claim 1 of the '298 Patent provides a solution to the previous network-centric or internet-centric problems inasmuch as it provides for more robust, non-intrusive movement tracking where access to the activity level data can controlled, managed and ascertained without use of telephone-connected systems. See Ex. 1 at Col. 1.

18. The specific elements of claim 1, as combined, accomplish the desired result of improved, remote functionality for ascertaining the activity level of an individual in a manner not contemplated in the prior art. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA*, Inc., 957 F.3d 1303 (Fed. Cir. April 30, 2020).

19. Claim 1 of the '298 Patent provides meaningful details on how to implement the method, and adds something inventive over the prior art.

20. Specifically, Claim 1 of '298 patent requires (1) detecting movement of the individual at a first location with at least one monitoring device; (2) tabulating a total number of detected movements within a predetermined time period; (3) transferring the total number of detected movements from the fist location to a Second location remote from the first location; and (4) displaying the total number of detected movements at a third location remote from the first and Second locations, wherein the activity level of the individual can be ascertained at the third location from the total number of detected movements.

21. Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020).

22. These specific elements of Claim 1 of the '298 Patent were an unconventional arrangement of elements. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019).

23. Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the system of Claim 1 in the '298 Patent provides a system that would not preempt all ways of remotely ascertaining the activity level of an individual. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014).

24. Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '298 Patent recites a specific, plausibly inventive computer implemented method for remotely ascertaining the activity level of an individual. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), cert. denied sub nom. *Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

25. Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements of Claim 1 of the '298 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), cert. denied, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

## THE '957 PATENT

26. The '957 Patent is entitled "System and method for remotely monitoring movement of individuals," and issued 2004-02-24. The application leading to the '957 Patent was filed on

2002-05-28. A true and correct copy of the '957 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

27. Plaintiff is presently the owner of the '957 Patent, having received all right, title and interest in and to the '957 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '957 Patent, including the exclusive right to recover for past infringement.

28. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287 with respect to the '957 Patent.

29. The '957 Patent shares the same specification as the '298 Patent.

30. The '957 Patent sought to overcome the same problems discussed above with respect to the '298 Patent.

31. One of the claimed inventions in the '957 Patent pertains to a method for non-intrusive health monitoring by ascertaining activity levels of an individual. Ex. 2 at Col. 1:13-17.

32. Claim 1 of the '957 Patent states:

> "1. A method for remotely ascertaining activity of an individual, the method comprising:
> detecting movement of the individual at a first location with at least one monitoring device;
> tabulating a total number of detected movements within a predetermined time period;
> transferring an activity Signal based on the total number of detected movements from the first location to a Second location remote from the first location; and
> displaying activity information based on the transferred activity signal at a third location remote from the first and Second locations,
> wherein the activity of the individual can be ascertained at the third location from the displayed activity infor
> mation. Ex. 2 at Col. 9:23-37.

33. Claim 1 of the '957 Patent is a practical application and inventive step of technology that address these aforementioned specific computer-centric problems associated with computer-centric problems associated with computer-centric or network-centric problem (or opportunity) related to remotely and non-instrusively monitoring movement of individuals.

34. Specifically, Claim 1 in the '957 Patent requires: (1) detecting movement of the individual at a first location with at least one monitoring device; (2) tabulating a total number of detected movements within a predetermined time period; (3) transferring an activity Signal based on the total number of detected movements from the first location to a Second location remote from the first location; and (4) displaying activity information based on the transferred activity signal at a third location remote from the first and Second locations, wherein the activity of the individual can be ascertained at the third location from the displayed activity information. Ex. 2 at Col. 9:23-37.

35. These specific elements of Claim 1, as combined, accomplish the desired result of improved functionality in activity and health monitoring. *Ancora Technologies, Inc. v. HTC America, Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018) (holding that improving computer security can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem). See also *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018); *Core Wireless Licensing v. LG Elecs., Inc.*, 880 F.3d 1356 (Fed. Cir. 2018); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299 (Fed. Cir. 2018); *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. April 30, 2020).

36. Claims need not articulate the advantages of the claimed combinations to be eligible. *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1309 (Fed. Cir. 2020).

37. These specific elements of Claim 1 of the '957 Patent were an unconventional arrangement of elements at the time of the invention. *Cellspin Soft, Inc. v. FitBit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019).

38. Further, regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, Claim 1 in the '957 Patent provides a method that would not preempt all ways of remotely ascertaining the activity levels of an individual. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); See also *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014).

39. Based on the allegations, it must be accepted as true at this stage, that Claim 1 of the '957 Patent recites a specific, plausibly inventive computer implemented method for remotely ascertaining the activity levels of an individual. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019), cert. denied sub nom. *Garmin USA, Inc. v. Cellspin Soft, Inc.*, 140 S. Ct. 907, 205 L. Ed. 2d 459 (2020).

40. Alternatively, there is at least a question of fact that must survive the pleading stage as to whether these specific elements of Claim 1 of the '957 Patent were an unconventional arrangement of elements. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) See also *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018), cert. denied, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

### COUNT 1: INFRINGEMENT OF THE '298 PATENT

41. Plaintiff incorporates the above paragraphs herein by reference.

42. **Direct Infringement**. Defendant directly infringed one or more claims of the '298 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count

below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '298 Patent also identified in the charts incorporated into this Count below (the "Exemplary '298 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '298 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

43. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '298 Patent Claims, by having its employees internally test and use these Exemplary Products.

44. Exhibit 3 includes charts comparing the Exemplary '298 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practiced the technology claimed by the '298 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '298 Patent Claims.

45. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

46. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '957 PATENT

47. Plaintiff incorporates the above paragraphs herein by reference.

48. **Direct Infringement**. Defendant directly infringed one or more claims of the '957 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '957 Patent also identified in the charts incorporated into this Count below (the "Exemplary

'957 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '957 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

49. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '957 Patent Claims, by having its employees internally test and use these Exemplary Products.

50. Exhibit 4 includes charts comparing the Exemplary '957 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practiced the technology claimed by the '957 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '957 Patent Claims.

51. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

52. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

53. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '298 Patent was valid and enforceable during its term;

B. A judgment that Defendant has infringed directly one or more claims of the '298 Patent;

C. A judgment that the '957 Patent was valid and enforceable during its term;

D. A judgment that Defendant has infringed directly one or more claims of the '957 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '298 and '957 Patents.

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: August 19, 2022

Respectfully submitted,

SAND, SEBOLT & WERNOW CO., LPA

*/s/ Howard L. Wernow*
Howard L. Wernow (Bar No. (0089019)
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718-3684
Telephone: (330) 244-1174
Facsimile: (330) 244-1173
Email: howard.wernow@sswip.com

**Counsel for Plaintiff**
**Healthness LLC**